IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. ARMSTRONG, III,<br>2205 Solmar Dr.<br>Silver Spring, MD 20904<br><br>      Plaintiff<br>v.<br><br>KRATZ QUINTOS & HANSON LLP<br>Suite 400<br>1420 K Street, N.W.<br>Washington, D.C. 20005<br><br>SERVE:<br>Mel R. Quintos<br><br>MEL R. QUINTOS<br>6104 Winslow Court<br>Fairfax Station, VA 22039<br><br>DONALD W. HANSON<br>1922 N. Quintana Street<br>Arlington, VA 22205<br><br>      Defendants | Case No. _____ |

**VERIFIED COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIVE RELLIEF, MONETARY DAMAGES
AND FOR OTHER APPROPRIATE RELIEF**

Plaintiff James E. Armstrong, III ("Armstrong"), by his attorneys, John H. Harman, Esquire and Coggins, Harman & Hewitt, hereby files his Verified Complaint for Preliminary and Permanent Injunctive Relief, Monetary Damages and For Other Appropriate Relief against Defendants Mel R. Quintos ("Quintos"), individually and trading as Kratz Quintos & Hanson, LLP, Donald W. Hanson ("Hanson"), individually and trading as Kratz Quintos & Hanson, LLP and Kratz Quintos, & Hanson, LLP ("Kratz Quintos"), (collectively, the "Defendants") and alleges as follows:

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

## NATURE OF ACTION

1.   This is an action for reverse passing off, false advertising and unfair competition arising under the Federal Trademark Act of 1946 (15 USC §§ 1050 et seq.) and specifically under 15 U.S.C. § 1125(a) of the Act.

## JURISDICTION

2.   This Court has subject matter jurisdiction under 15 USC § 1121 and 28 USC § 1338(a) in that this case arises under the Trademark Laws of the United States, 15 USC §§ 1051, et seq.

3.   This Court has jurisdiction of the unfair competition claims herein under the provisions of 28 USC § 1338(b) in that such claims are joined with a substantial and related claim under the Trademark Laws of the United States, 15 USC 1051 et seq.

4.   Venue is proper in this Court because each of the defendants maintains its principal place of business in, or is employed in, the District of Columbia.

## THE PARTIES

5.   Plaintiff Armstrong is an attorney licensed to practice law in the District of Columbia and in Maryland. He founded the predecessor firm that now legally exists but does not operate as Armstrong, Kratz, Quintos, Hanson & Brooks, LLP ("Armstrong Kratz" or the "Firm") in 1970 and is one of its current partners. Since 1970, the time when Japanese companies started extensively to use U.S. patent legal services, the Firm primarily has served clients in Japan. From 1970 until now, Armstrong Kratz has always been well-known because of Armstrong's ability to speak Japanese and his understanding of Japanese culture, which until recently was unique among U.S. patent attorneys.

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

6. Defendants Quintos and Hanson are equity partners in the firm of Armstrong Kratz and now purport to be a limited liability partnership and falsely holds itself out to be the successor to Armstrong Kratz. Armstrong Kratz is a limited liability partnership governed by a Partnership Agreement effective January 1, 2001, as amended (the "Agreement"). For 37 years, Armstrong Kratz had its main office in the District of Columbia at 1725 K Street, N.W. It currently has three full equity partners, Plaintiff Armstrong, and Defendants Quintos and Hanson. Brooks, the highest billing attorney at Armstrong Kratz, has withdrawn from the Firm effective June 30, 2007. Until June 3, 2007, Plaintiff's son, James E. Armstrong IV ("Armstrong IV") also was a partner of the Firm.

7. Defendant Quintos is an attorney admitted to practice in the District of Columbia. Quintos is a partner in Armstrong Kratz, and, upon information and belief, trades as or holds himself out as being a partner in Kratz Quintos.

8. Defendant Hanson is an attorney admitted to practice in the District of Columbia. Hanson is a partner in Armstrong Kratz, and, upon information and belief, trades as or holds himself out as being a partner in Kratz Quintos.

## FACTS

9. Armstrong Kratz is a law firm which had its principal office in the District of Columbia and with a branch office in Pittsburgh, Pennsylvania. Armstrong Kratz specializes in patent and trademark law. Practice before the United States Patent and Trademark Office ("the PTO") constitutes the bulk of Armstrong Kratz's business. However, due to the diverse background of the Plaintiff, the Firm also has represented clients in licensing and litigation matters. Armstrong Kratz has numerous foreign clients and has concentrated on providing patent and trademark representation in the United States for corporations headquartered and operating in Japan.

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

### The Founding of the Firm

10.     In 1965, Armstrong, then a section manager of a Patent Department in a major U.S. corporation, realized that U.S. patents were becoming increasingly important to Japanese corporations. Because of his background as a USAF officer in the Korean War, Plaintiff had acquired some knowledge of Japanese language and culture and upon recognizing the potential of a patent law career involving the U.S.-Japan interface, he intensified his Japanese language study over the next four years.

11.     After mastering Japanese, Plaintiff founded the Firm in 1970 and for the next twenty years spent months each year in Japan establishing a close personal relationship with his Japanese clients. The foundation and success of the Firm is based on Plaintiff's long experience as an intellectual property attorney, his ability to speak Japanese with an understanding of Japanese culture, and his reputation in Japan since 1970. Plaintiff historically has brought in the bulk of the Armstrong Kratz's business. In terms of personal client relationships, Plaintiff and his son account for and have originated almost 90% of the client base.

### The 2003 Break-Up and Dissolution

12.     In 2002, the Firm reached its peak in terms of financial success. The Firm ranked No. 13 or No. 14 among patent prosecution firms in the United States. Around the end of 2002, a group of four partners led by a Japanese citizen who is also a U.S. attorney tried to seize control of the Firm but failed. After arbitration, the Firm finally split at the end of September 2003, with each group of attorneys getting about half of the business. Interpreting the same Agreement that continues to govern the Firm, the arbitrator directed closing the books as of September 30, 2003, and distribute to the departing lawyers their share of the accounts receivable and work in progress (WIP) that existed as of that time as collected on a monthly basis. The Armstrong

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

Kratz Partnership is the continuation of the former Armstrong, Westerman firm, which was never dissolved and continued to operate under an agreement dated January 1, 2001.

### The Current Firm: 2004-2006

13. During the arbitration and for two years thereafter, the vast majority of the capital required for the expense of arbitration and continued operation of the Firm was provided by Plaintiff. For the years 2003 and 2004, Plaintiff agreed to waive the interest provision (Appendix B to the Agreement) of the Partnership Agreement for the benefit of the undercapitalized partners.

14. In 2004, discord intensified among the individual partners. While the Firm adhered to the Agreement; it discussed amendments, and Plaintiff even drafted a new agreement, based upon a written survey of all of the partners relating to critical policy questions on which accord should be reached for future success. In early 2005, Plaintiff published the results of the survey along with analysis and commentary. Several Partnership meetings were held and points of general agreement were recorded, but no new formal partnership agreement or written amendments to the Agreement ever were executed.

15. Largely through the efforts of the Plaintiff and his son, who studied Japanese language at Keio University in Tokyo, the close personal relationship with the Japanese client base was strengthened. After the drastic drop in income resulting from the 2003 breakup, billable work increased and, correspondingly, Firm income rose during the years 2004, 2005, and 2006.

### Defendants' Violations of the Agreement

16. Article 7 of the Agreement provides that "systems and operational management of the firm" will be by "consensus among the equity partners." (Plaintiff is an equity partner as are Defendants Quintos and Hanson.) In addition, Article 7 states that the "equity partners" shall constitute an executive committee, which shall be solely responsible for fiscal and policy management. The executive committee shall determine fiscal and policy matters by consensus."

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

5

17. Upon notification by Brooks and Armstrong, IV of their departure, Defendants Quintos and Hanson took a series of unilateral steps, frequently in secret, all in violation of the Agreement. Those steps included the negotiation of new office space for the operation of the Firm after June 30, 2007. The new lease was negotiated clandestinely without notice or discussion with the Plaintiff. To date, Plaintiff has not seen a copy of the new lease. These steps also included (1) denying Plaintiff access to client correspondence regarding matters for which he bears responsibility and which are addressed to him; (2) unilaterally changing the long-established system for assigning and handling new cases from existing clients to lawyers within the Firm; (3) unilaterally authorizing expenditures in excess of the $5,000.00 threshold contained in the Article 5(a) of the Agreement without notice to the Plaintiff and without seeking the approval of all of the partners as required by the Agreement; and (4) hiring new professional staff for the Firm without notice to or consent from Plaintiff, Brooks or Plaintiff's son. Some of these changes include the termination of e-mail accounts, revocation of the authority to access payroll records to process payroll for staff and associates and denial of access to on-line banking information.

18. Since late May or early June, 2007, Firm management has deteriorated to the point of almost non-existence. Upon the withdrawal on June 3, 2007 of Plaintiff's son, Defendant Quintos immediately seized his docket and assigned it to a patent agent working for the Firm without consulting the Plaintiff, in spite of the fact that almost the entire docket consists of work for clients originating with the Plaintiff or his son. Ms. Noreen Kaminski, Defendant Hanson's secretary, has usurped the role of office manager and has been tampering with the docket and computer systems without consulting Plaintiff or Ms. Christine Lee, the office manager. This tampering with the computers has resulted in denying customary computer access to certain staff members who report to the Plaintiff or Ms. Lee.

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

6

### The Firm's Viability Absent Plaintiff, Brooks and Plaintiff's Son

19. Through June, 2007, Plaintiff and an associate, Gi-In An, who works almost exclusively for him, have accounted for almost a quarter of the Firm's billings. (Defendants Quintos and Hanson, among others, opposed the rehiring in 2005 of Ms. An, an employee who took a leave of absence to attend law school.) Plaintiff's son and Brooks have accounted for another 23% of the Firm's billings. Combined, Plaintiff, Ms. An, Armstrong IV and Brooks have accounted for 45% of the Firm's billings in 2007, well over their pro-rata share of Firm billings. In 2006, Plaintiff, Armstrong IV and Brooks were the three highest billing attorneys in the Firm. Plaintiff himself, with Ms. An, has provided services in pending litigation which has resulted in over $1,000,000.00 in service income since March 2006. Defendants Quintos and Hanson and the other attorneys or patent agents who intend to remain at the Firm and practice with said Defendants have produced 47% of the Firm's billings to date in 2007, well under their pro-rata share of Firm billings.

### Plaintiff's Announcement of His Intention To Depart and His Revocation of Same

20. After his son announced his intention to withdraw from the Firm, Plaintiff announced, on April 20, 2007, that he also intended to depart from the Firm, no later than June 30, 2007. Plaintiff, sensing stress in the Firm, at the final Partnership meeting on May 9, 2007 stated that he had no intention of leaving the Firm until he had secured his money and formally withdrew his letter of intent in writing on June 23, 2007 and chose to remain to protect his financial interest.

### Competition for Clients and False Advertising by Defendants

21. The Firm fragmented on June 30, 2007, as a result of a termination notice from the owners of the building at 1725 K Street, in which the Firm had offices for 37 years. The

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

building is scheduled for demolition sometime during the year 2008 and all tenants were given notice to vacate at varying times during the year 2007.

22. Plaintiff not being invited to, and without knowledge of, the future location of Defendants, relocated in a separate office more convenient to his home and has continued working on litigation matters on which he began working in February 2006.

23. Over the four months prior to the fragmentation, in contemplation of the departure of Plaintiff's son and Brooks who, together with Plaintiff, represented approximately 63.7% of the Firm's equity under the partnership income distribution formula, Plaintiff Armstrong held a private meeting with Defendants Quintos and Hanson on February 22, 2007. At the meeting, Plaintiff proposed an orderly dissolution of the Firm, with each partner to receive his fair share of the assets of the Firm, including capital investment and accrued income in the accounts receivable or in the alternative, to secure in a legally enforceable manner Plaintiffs' present and future financial interest. The offer was rejected. This offer was repeated at the final Partnership meeting on May 9, 2007. The offer was once again rejected.

24. On or before the meeting of February 22, 2007, Defendants Quintos and Hanson secretly began to implement their plan to represent to clients that they were the continuation of the "Armstrong" firm. This strategy became apparent upon their refusals to accept Plaintiff's offer.

25. As an unregistered service mark, the "Armstrong" name has acquired considerable value in the goodwill associated with it, particularly in Japan. In addition to his personal networking with a wide spectrum of clients, Plaintiff is the principal author of "Essentials of Drafting U.S. Patent Specifications and Claims," perhaps the best known textbook of its kind throughout the Japanese Patent profession, which has been reprinted in response to demand. In order to maintain awareness of the "Armstrong" firm, Plaintiff for a period of more

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

than one year during 2005-2006 published monthly legal commentary translated in Japanese language in two well-known Japanese journals. The "Armstrong" name represents quality and full service in obtaining patent and trademarks as well as representation in licensing and litigation matters, backed by 50 years of experience. Defendants have no meaningful experience in licensing and litigation, therefore, they are incapable of providing the services represented by the "Armstrong" name.

26. Until recently, Defendants' business letterhead represented their alleged new firm as "formerly Armstrong, Kratz, Quintos, Hanson & Brooks." This representation was made without prior notification to Plaintiff and it represents "Armstrong" services as their own in violation of 15 U.S.C. 1125(a)(1)(A). Until recently, the letterhead also designated a "Tokyo Office" with which Defendants have no connection and which is now maintained by Plaintiff's son at Edwards, Angell, Palmer & Dodge. The list of attorneys on the Defendants' letterhead is false to the extent that it includes at least one attorney who has no association with them, presumably done to give an inflated impression of the number of attorneys available to represent clients. The foregoing is exemplary of the false statements of fact Defendants have made about their own services. Similar false inferences are contained in at least two solicitation letters sent to clients of the Armstrong Kratz firm.

27. Defendants maintain a business website which represents the alleged new firm as "formerly Armstrong, Kratz, Quintos, Hanson and Brooks" and which, until recently, displayed an alleged new firm photograph containing the likeness of Plaintiff, along with the likeness of former partners that have formally withdrawn from the alleged new firm and are actively practicing in a completely different firm. Neither of the individual Defendants was associated with the Armstrong Kratz firm before the late 1980's or early 1990's. Yet, on their website they persist in representing that their firm was "[e]stablished in 1970," falsely inferring and implying

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

9

an attribution to themselves, the accomplishments of Mr. Armstrong in the 1970's and 1980's as accomplishments of their own. The current website also lays claim to a Tokyo Office which is solely the product of Plaintiff's contacts and associations and which is now entirely operated and funded through the firm with which Plaintiff's son is associated, Edwards, Angell, Palmer & Dodge.

28.   Defendants' false advertisements in their letterhead, website and solicitations actually deceived or had a tendency to deceive a substantial segment of their intended audience to the detriment of Plaintiff, Plaintiff's son and Brooks who held a 63.7% equity interest in the firm of Armstrong Kratz (the "Majority Group").

29.   The deception is material in that it likely influenced client decisions to the extent of $1,500,000.00 - $2,500,000.00 worth of current and future business, primarily from Japanese clients.

30.   The Majority Group has been damaged by a direct diversion of service billing from itself to Defendants and by lessening the goodwill associated with the services which the Majority Group enjoys with current and prospective clients.

31.   As a result of the above conduct of Defendants Quintos and Hanson, in order to protect the Plaintiff's interest in the Firm and to prevent Quintos and Hanson from wasting and dissipating the Firm's receivables, work-in-process, and his then $260,000.00 in capital, Plaintiff has changed his intention with respect to separation from the Firm and now intends to remain at the Firm until it is legally dissolved. On information and belief, clients are being told that Plaintiff retired from the Firm, an option available to the Plaintiff at any time, without notice.

### Interference with Ongoing Client Relationship

32.   Without notice to Plaintiff, Plaintiff's name was removed from the records of the Electronic Business Center of the U.S. PTO and Defendants, apparently without any authority,

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

revoked his Power of Attorney in all pending U.S. PTO matters, denying Plaintiff access to U.S PTO information required to service a client in an ongoing matter personally assigned to Plaintiff. This unwarranted interference with a client matter is a violation by Defendants of fiduciary duty to Plaintiff as well as to the client and a violation of the Code of Professional responsibility.

33. In a parallel move, Ms. Christine Lee, office Manager of Armstrong Kratz, on July 7, 2007 was without notice denied access to e-mail information necessary to continue financial operation while Defendants continue to finance their operation using money owing to Plaintiff, Plaintiff's son and Brooks.

## COUNT ONE
**False Advertising and Unfair Competition Pursuant to 15 U.S.C. § 1125(a)(1)(A) and (B)**

34. Plaintiff incorporates and restates herein the allegations set forth in Paragraphs 1 to 33 of this Petition.

35. Defendants have engaged in reverse passing off and false advertising and other forms of unfair competition to the financial detriment of Plaintiff and the departing partners in the amount of $1,500,000.00 and $2,500,000.00 in current and future business.

36. Specifically, Defendants are engaged in reverse passing off and in making false and misleading statements using the name "Armstrong" in an effort to deceive and mislead others regarding the affiliation of that name with the Kratz Quintos & Hanson firm. This conduct is intended to mislead the public into believing that Plaintiff is affiliated with the current Firm while Defendants' conduct toward Plaintiff is to the contrary. This conduct violates 15 U.S.C. § 1125.

37. In addition, Defendants are engaged in reverse passing off and false and misleading representations by referring to the name "Armstrong" in their letterhead, along with the designation of a "Tokyo office" with which Plaintiff has a long standing personal relationship

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

based upon his name and reputation, and with which the Defendants have no connection, and which is actually now maintained by Plaintiff's son at Edwards, Angell, Palmer & Dodge. In November, 2007, Defendants discontinued their references to the former Tokyo office on the letterhead, but not on the firm website. This conduct is intended to mislead and deceive the public in violation of 15 U.S.C. § 1125.

38. Defendants have further engaged in reverse passing off and false and misleading representations by maintaining a website in the name of the Kratz, Quintos & Hanson firm referencing the name "Armstrong" in a manner designed to obtain benefit from that name, including until recently, a firm photograph containing the Plaintiff's likeness, along with the likeness of former partners that have formally withdrawn from the previous firm of Armstrong, Kratz, Quintos & Hanson. This conduct was intended to mislead and deceive the public in violation of 15 U.S.C. § 1125.

39. Defendants have engaged in reverse passing off and false and misleading activities in the form of solicitations using Plaintiff's name intended to deceive a substantial segment of their intended audience to the detriment of Plaintiff and Plaintiff's son. This conduct amounts to bad faith activities in violation of 15 U.S.C. § 1125.

40. Defendants' heretofore alleged acts of reverse passing off, false advertising and unfair competition have been committed with the intent to cause confusion and mistake and to deceive.

41. Plaintiff has requested that Defendants cease and desist from its aforementioned acts of reverse passing off, false advertising and unfair competition, but Defendants have refused to cease such acts.

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

42. By reason of Defendants' acts alleged herein, Plaintiff has suffered, and will continue to suffer, damage to his name, business, reputation and good will, and has lost sales and profits that Plaintiff would have made but for Defendants' acts.

43. Defendants threaten to continue to do the acts complained of herein, and unless enjoined, will continue to do so, all to Plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Therefore, Plaintiff's remedy at law is not adequate to compensate it his injuries.

In summary, the totality of Defendants' conduct constitutes reverse passing off and false and misleading representations of fact that are likely to deceive the public in violation of 15 U.S.C. § 1125(a)(1)(A) and (B).

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor and against Defendants and that Plaintiff be awarded the following relief:

    a. Damages, as established by the evidence, including, but not limited to, damages in excess of $2,000,000.00 for unfair competition.

    b. Attorney's fees, costs, and interest.

    c. Preliminary and permanent injunctive relief enjoining Defendants and their agents, servants and employees from directly or indirectly using the name "Armstrong" or any mark, word or name similar thereto which is likely to cause confusion or mistake or to deceive.

    d. Defendants be required to account to Plaintiff for any and all profits derived by Defendants from the sale of its goods and services for all damages sustained by reason of the acts of infringement and unfair competition complained of herein.

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

  e.  Entry of an Order requiring that all letterhead, advertising and printed materials in the possession of the Defendants bearing the mark and name "Armstrong" be delivered up and destroyed.

  f.  Such other equitable or legal relief from Defendants to which the Plaintiff may be entitled.

Dated: December 27, 2007

            John H. Harman, DC Bar No. 34405
            COGGINS, HARMAN & HEWITT
            8905 Fairview Road, Suite 600
            Silver Spring, MD 20910
            Phone: (301) 587-2880
            Fax: (301) 495-4990
            Email: chhlaw587@aol.com

## VERIFICATION

STATE OF MARYLAND
COUNTY OF MONTGOMERY

  I am the Plaintiff. I have read the foregoing Verified Petition For Preliminary And Permanent Injunctive Relief, Monetary Damages And For Other Appropriate Relief, know the contents thereof; and state that, except as to the matters that are therein stated on information and belief which I believe to be true, the foregoing information is based on my personal knowledge, on information communicated to me by personnel and other persons and/or from records of Armstrong, Kratz, Quintos, Hanson & Brooks, LLP. I state that such foregoing information is true and correct to the best of my knowledge.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on the 27th day of December, 2007.

            James E. Armstrong, III, Plaintiff

COGGINS, HARMAN & HEWITT
ATTORNEYS AT LAW
8905 FAIRVIEW ROAD
SUITE 600
SILVER SPRING, MD 20910-4171
TELEPHONE (301) 587-2880

L:\Armstrong\Pld\Lanham.complaint.doc

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
JAMES E. ARMSTRONG, III

## DEFENDANTS
KRATZ QUINTOS HANSON LLP, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John H. Harman, Esquire
Coggins, Harman & Hewitt
8905 Fairview Road, Suite 600, Silver Spring, MD 20910
(301) 587-2880

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- [ ] 410 Antitrust

### ○ B. Personal Injury/Malpractice
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**Personal Property**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**Bankruptcy**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**Property Rights**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [x] 840 Trademark

**Federal Tax Suits**
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**Other Statutes**
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2,000,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/28/2007   SIGNATURE OF ATTORNEY OF RECORD [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.